DUCKER, JUDGE:
Claimant, Charleston Concrete Floor Company, Inc., claims the respondent owes it the sum of $299.93, with interest from June 7, 1965, by reason of a special sidewalk paving assessment made by the Town of Hurricane against the property of re *222 spondent located in said town, and known as a parcel of land adjoining Lots 1 and 2, Taylor Series, and fronting 136.67 feet on Putnam Avenue, said Putnam Avenue being a part of State Route 34.
The facts which are undisputed are substantially as hereinafter stated, and the question presented is solely one of law.
The property against which the assessment was made was a land fill, owned by the respondent, consisting of an embankment as an approach to a bridge, and as such property was not otherwise used by respondent, respondent claimed that such special assessment against it offered no special benefit to the respondent, a contention which claimant denied. Upon the refusal of the respondent to pay the assessment the claimant brought suit in the Circuit Court of Putnam County against the respondent and the nearest individual property owners, namely, John W. Chapman and Evelyn Chapman, to have the Court determine whether the assessment should be against the respondent or said Chapmans, and whether or not there should be a reassessment in the matter against the Chapmans. The respondent was not a party to this suit, but it was notified of the assessment at the time the assessment was made and could have contested its legality before the town council at the meeting at which the assessment was confirmed. The Circuit Court held that the assessment against the respondent was proper and that there was no need for a reassessment against the Chapmans.
The respondent claims that the assessment against it is not valid because the sidewalk is on state property, does not “abut” the road, and does not afford any special benefit within the meaning of the law. While these contentions of respondent could have been presented to the Council and the latter’s decision could have been subsequently appealed, they were not so presented, and this Court is of the opinion that the Council’s decision of the questions of fact is binding and not subject to review by this Court. The respondent has had its opportunity to contest both the action of the Council and the decision of the Circuit Court, and has relied entirely upon this Court to determine the legality of all the proceedings, an act which we do not consider proper to do.
*223 Accordingly, we are of the opinion to, and do award the claimant the sum of $299.93, but we are prohibited by the statute and we disallow any claim for interest.
Award of $299.93.